1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

| | |
|---|---|
| Sally Smith, *on behalf of herself and all others similarly situated*,<br><br>        Plaintiff<br><br>v.<br><br> Zumiez, Inc.,<br><br>        Defendant. | NO.: 2:12-cv-02194<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227** *et seq.* **(TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**Demand for Jury Trial** |

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

Plaintiff, Sally Smith, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Sally Smith ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Zumiez, Inc. ("Zumiez" or "Defendant"). Defendant negligently, knowingly, and/or willfully contacted Plaintiff on her cellular phone via text message in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin.*

*Serv., LLC*, 132 S.Ct. 740 (2012).

3. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $1,500.00 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the minimum threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) in that Defendant's principal place of business is located in this District.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an adult individual residing in California.

6. Zumiez is, and at all times mentioned herein was, a Washington business entity headquartered in Lynnwood, Washington.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone dialing systems.

9. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

10.  Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

11.  According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[1]

12.  On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

13.  A text message is a "call" within the context of the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009).[3]

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

14.  Upon information and belief, Defendant employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

15.  Beginning in or around October 2012, Defendant contacted Plaintiff via text message on Plaintiff's cellular telephone using an ATDS.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] *See also* 2003 Report and Order at 14115 ("[U]nder the TCPA, it is unlawful to make *any call* using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, 'to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the called party is charged.' This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.").

**CLASS ACTION COMPLAINT**

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 206-674-4559
Facsimile: 866.241.4176

1    16.    On October 17, 2012, Plaintiff received the following text message from Defendant:



    17.    On October 29 and November 26, 2012, Plaintiff received two additional text messages from Defendant:



    18.    The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

    19.    Pursuant to the contract with her cellular service provider, Plaintiff is charged for incoming text messages made to her cellular telephone.

CLASS ACTION COMPLAINT

20.     Defendant did not have prior express consent to send automated text messages to Plaintiff on her cellular telephone.

21.     Defendant's text messages to Plaintiff's cellular telephone were not for "emergency purposes."

22.     Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to send automated text messages to Plaintiff's cellular phone.

## CLASS ACTION ALLEGATIONS

### A. The Class

23.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated.

24.     Plaintiff's proposed Class is as follows, subject to amendment as appropriate:

**Class Definition. All persons within the United States who received one or more non-emergency text messages from Zumiez to a cellular telephone through the use of an ATDS and who did not provide prior express consent for such messages.**

25.     Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

### B. Numerosity

26.     Upon information and belief, Defendant has sent automated text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their

prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

28. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

29. The following questions of law and fact common to the Class members are ripe for determination:

    a. Whether Defendant sent non-emergency text messages to Plaintiff and Class members' cellular telephones using an ATDS;

    b. Whether Defendant can meet its burden of showing it obtained prior express consent to send each text message;

    c. Whether Defendant's conduct was knowing willful, and/or negligent;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from such conduct in the future.

30. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely sends automated text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

31. Plaintiff's claims are typical of the claims of the Class since each of the claims arises

CLASS ACTION COMPLAINT

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 206-674-4559
Facsimile: 866.241.4176

from the same or a substantially similar automated text message.

**E.  Protecting the Interests of the Class Members**

32. Plaintiff will fairly and adequately represent Class interests.

33. All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

34. Plaintiff has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Class.

**F.  Proceeding Via Class Action is Superior and Advisable**

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

37. The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action.

38. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

39. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

40. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other

**CLASS ACTION COMPLAINT**

members of the Class.

## COUNT I
### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
**(On Behalf of All Class Members)**

41.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

42.     Defendant negligently sent automated text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

43.     Each of the aforementioned text messages by Defendant constitutes a negligent violation of the TCPA.

44.     As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

45.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
**(On Behalf of All Class Members)**

46.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

47.     Defendant knowingly and/or willfully sent automated text messages to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

48.     Each of the aforementioned text messages by Defendant constitutes a knowing and/or

willful violation of the TCPA.

49.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each text message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Statutory damages of $500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
3. Treble damages of up to $1,500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
4. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and
5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 14, 2012

By: /s/ Thomas McAvity
Thomas McAvity, WSBA# 35197
Northwest Debt Relief Law Firm
2225 NE Alberta Suite A
Portland, OR 97211
206-674-4559

CLASS ACTION COMPLAINT

THOMAS MCAVITY
2225 NE ALBERTA, STE A
PORTLAND OR 97211
Tel: 206-674-4559
Facsimile: 866.241.4176